

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

Honorable L. A. Woods
Superintendent of Public Instruction
Austin, Texas

Dear Mr. Woods:

Opinion No. O-1377
Re: Sale of state-adopted text
books to individuals and non-
state schools.

We received your letter of August 31, 1939, requesting our
opinion on the following questions:

"(1) Would it be a violation of the law for the State
Superintendent to authorize the business manager of a
public school system to sell State-adopted textbooks to
students other than public schools at the State contract
price plus freight charges from the State depository (Dallas)
to the point of delivery?

"(2) Is a child or the parent of a child enrolled in the
public schools entitled under U. S. 2876d to buy any num-
ber of books he or she may desire from the local board of
trustees at the regular contract price?

"(3) In the event of such purchase is the State Superin-
tendent of Public Instruction bound to honor a requisition
of such local board of trustees to make up the deficiency
in its supply occasioned by its sale of such books to such
purchasers?"

In answer to your first question, we find that Article 2871,
Revised Civil Statutes of Texas, specifically provides for the
sale of textbooks, in that the statute reads in part, as follows:

"All parties with whom book contracts have been made shall
establish and maintain in some city in the State a deposi-
tory where a stock of their goods to supply all immediate
demands shall be kept...Any person, school not controlled
by the State, or dealer, in any county in the State may
order books from the said State agent, or depository, and
the books so ordered shall be furnished at the same rate
and discount as are granted to the State; provided that in

such case the State depository, or agency may require that the price of books so ordered shall be paid in advance..."

Article 2873, Revised Civil Statutes, provides that:

"Books shall remain the property of the State, and after purchase through requisition according to the provisions of this Act, shall remain in the charge of the district school trustees as the legal custodians of the books...."

Article 2876d, Revised Civil Statutes, reads:

"...Any book may be purchased from the State depository designated by the contractor holding the contract for said book, by State institutions, or by private schools, or church schools, such purchase to be made on the same terms as those given to the State for the same book...."

The provisions set out above reveal that it would be a violation of the Act for the State Superintendent to authorize the business manager to sell state-adopted textbooks to students of other than public schools since it is provided that books shall remain the property of the state and in the charge of the district school trustees. Sale of the books has been provided for by statute and may be sold only in the manner set out in the Act.

Article 2876d, Revised Civil Statutes, providing for the purchase of books by parents or pupils, reads as follows:

"Books may be bought from the local boards of trustees by pupils or parents of pupils attending the public schools of the State, said board to furnish the books at the retail contract price....."

Since the purchase of books from the local boards of trustees is strictly limited to pupils, or parents of pupils who are attending the public schools of the State, the above Act can be properly construed as meaning a reasonable number of books required for the pupils' own use. Since free textbooks are furnished to all pupils in regular attendance in public schools, it is apparent that this provision was inserted so that some adjustment or reimbursement could be made for lost books.

In view of our answer to your first and second questions, your third question does not require an answer.

APPROVED SEPT. 9, 1939                    Yours very truly
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS                 ATTORNEY GENERAL OF TEXAS
                                          By
CCC:jm:ml                                     Cecil C. Cammack
                                              Assistant